O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GONZALES, | CASE NO. CV 12-02607 RZ |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Suffering from a bad back due to a workplace injury, Plaintiff asserts three reasons that the Commissioner erred in denying his application for disability benefits. None is persuasive, and therefore the Court affirms.

Plaintiff first asserts that the Administrative Law Judge erred by not considering whether his case was a "borderline" case such that the borders should be ignored. Plaintiff was nearing the age of 55 when the Administrative Law Judge rendered her decision; considered as a 55-year old ("a person of advanced age"), Plaintiff would have qualified as "disabled" under the Medical-Vocational Guidelines, he says, but considered as a 50-55 year old ("a person closely approaching advanced aged"), Plaintiff was not disabled. Plaintiff wants the goal post moved so that he could qualify for disability when he crossed the ten-yard line, rather than advancing all the way to the goal.

The Secretary's regulations recognize that, although lines need to be drawn, sometimes they are a bit indistinct; the closer one comes to the line, the more the Administrative Law Judge must be aware of the possibility that a person should be treated as if, in fact, he were on the other side. *See* 20 C.F.R. §§ 404.1563(b), 416.963(b). A person who will turn 55 the next day, for example, might be considered as if he were 55 if under the grids his condition is so severe that he would be disabled if he were 55 but not if he were 54. Obviously, the further one is from the demarcation, the less this becomes a factor.

There are several reasons here why the Administrative Law Judge did not violate this construct. To begin with, the law does not define what a borderline situation is — the regulations only refer to "a few days to a few months," and this is not a prescription — and it does not require that the Administrative Law Judge make a finding as to whether a claimant is in a borderline situation and, if so, what the outcome would be. The law only requires that the Administrative Law Judge *consider* a claimant's age in a close case. *Lockwood v. Commissioner of Social Security*, 616 F.3d 1068 (9th Cir. 2010). The fact that the Administrative Law Judge here considered the impact of Plaintiff's age is clear. The Administrative Law Judge both ascertained the Plaintiff's birth date [AR 31] and asked the vocational expert to consider a person who was 50 at the time of the alleged onset of disability and 54 at the time of the hearing. [AR 43] In her decision, the Administrative Law Judge referenced the regulation that requires that age be considered. [AR 18] This is sufficient evidence that the Administrative Law Judge did all that the law requires — consider the impact of Plaintiff's age.

In addition, it must be remembered that the date of *decision* is not the only important date here, and not necessarily the correct date for assessing this issue. After all, the hearing was held in May 2010, several months earlier than the decision, at a point where Plaintiff still was a good seven months from his 55th birthday. Had circumstances allowed the Administrative Law Judge to complete her decision shortly thereafter, it would be hard under any perspective to view this as a borderline case. Even Plaintiff agrees with

this point.  *See* Joint Stipulation at 7:23-8:7.  Certainly it makes it difficult to criticize the Administrative Law Judge for not *articulating* the impact of Plaintiff's approaching 55th birthday.  The Court will not issue a ruling that requires that an administrative law judge chase the date, constantly revising her analysis as the date the decision will be ready gets progressively nearer to a claimant's birthday.

   Finally, the question of a borderline analysis only arises when it is clear that, if the claimant were on the other side of the border, the result would be that he would be deemed to be disabled.  20 C.F.R. §§ 404.1563(b), 416.963(b).  Plaintiff argues that if the Administrative Law Judge had applied the grids "in a non-mechanical fashion," Plaintiff then would have fallen into the grids and — presumably now applying the grids in a *mechanical* fashion — Plaintiff would have been deemed disabled.  Joint Stipulation at 10:3-12.  Here, however, Plaintiff had a non-exertional limitation on his ability to work — he was limited in his ability to reach overhead.  [AR 14]  Such a limitation takes the decision out of the grids, *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001), and therefore the decision would not have been different.  Since the Administrative Law Judge would have had to rely on vocational expert testimony, and since the Administrative Law Judge *did* rely on vocational expert testimony, whether this was a borderline case or not is of no consequence in determining the outcome.

   Plaintiff next argues that the Administrative Law Judge improperly determined that Plaintiff could perform certain alternative jobs in the economy.  Plaintiff says that those jobs are precluded by the limitation on overhead reaching, and he bases his argument on the definitions of those jobs in the Labor Department's DICTIONARY OF OCCUPATIONAL TITLES.  However, none of the definitions themselves mention overhead reaching and, while the SELECTED CHARACTERISTICS OF OCCUPATIONS DEFINED IN THE REVISED DICTIONARY OF OCCUPATIONAL TITLES does refer to reaching as a characteristic of the jobs, it does not refer to *overhead* reaching.  Plaintiff's attempt to manufacture an issue by stating that the vocational expert deviated from the DICTIONARY OF OCCUPATIONAL TITLES without explanation is simply a red herring.

As his last argument, Plaintiff contends that the Administrative Law Judge did not provide legally sufficient reasons for rejecting Plaintiff's testimony.  The Court has reviewed thoroughly Plaintiff's portion of the Joint Stipulation concerning this issue, and does not find any articulation of the testimony that Plaintiff believes was wrongly rejected. Plaintiff simply disagrees with the identified residual functional capacity, but that finding had ample support in the record.  [AR 16-17]  The lengthy discussion of the proper way to view subjective symptoms — a standard that the Administrative Law Judge herself articulated [AR 15] — is a recitation of authority in search of an argument.

The decision of the Commissioner is affirmed.

DATED:   April 17, 2013

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE